UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA BEACH DIVISION

BRITTANY AVANZINI,

    Plaintiff,

v.

PHOENIX FINANCIAL SERVICES, LLC and
PENDRICK CAPITAL PARTNERS II, LLC,

    Defendants.
_____/

CASE NO.: 5:20-cv-00572

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW comes BRITTANY AVANZINI ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of PHOENIX FINANCIAL SERVICES, LLC ("Phoenix") and PENDRICK CAPITAL PARTNERS II, LLC ("Pendrick") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Middle District of Florida and a substantial portion of the events or omissions that gave rise to this action occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Citrus County, Florida, which is within the Middle District of Florida.

5. Phoenix advertises that it has "over 15 years of expertise in providing exceptional service and debt recovery results[.]"[1] Phoenix is a limited liability company organized under the laws of the State of Indiana, with its principal place of business located at 8902 Otis Ave, Suite 103A, Indianapolis, Indiana 46216. Phoenix regularly collects from consumers in the State of Florida.

6. Pendrick boasts that its "management team has worked together for many years and collectively has more than 100 years of experience in healthcare receivables management."[2] Pendrick is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 1714 Hollinwood Drive, Alexandria, Virginia 22307. Pendrick regularly collects from consumer in Florida.

7. Pendrick is Phoenix's principal. Consequently, Pendrick is liable for Phoenix's actions as it exercises control over Phoenix's conduct. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

---

[1] https://www.phoenixfinancialsvcs.com/services/
[2] https://www.pendrickcp.com/#about

9. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

### FACTS SUPPORTING CAUSES OF ACTION

10. The instant action stems from Defendants' attempts to collect upon a medical debt ("subject debt") that is purportedly owed by Plaintiff.

11. Upon information and belief, Pendrick purchased the subject debt and subsequently assigned the subject debt to Phoenix, a third-party debt collector, for collection purposes.

12. Around early 2020, Phoenix began its collection campaign by contacting Plaintiff by mail and phone.

13. Phoenix, on behalf of Pendrick, initially mailed its collection letters to Plaintiff's residence.

14. Thereafter, Phoenix, on behalf of Pendrick, mailed its collection letters to Plaintiff's place of employment in order to collect from Plaintiff.

15. For example, on November 5, 2020, Phoenix mailed a collection letter to Plaintiff's place of employment in an attempt to collect upon the subject debt.

16. Defendants' collection efforts concerned and embarrassed Plaintiff because Defendants specifically targeted her at her place of employment.

17. Defendants purposefully placed undue pressure on Plaintiff by needlessly mailing their collection letters to Plaintiff's place of employment when they were aware of the correct address of Plaintiff's residence.

18. Frustrated over Defendants' conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in expenses.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

20. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, aggravation, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST DEFENDANTS)

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though full set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendants identify themselves as debt collectors, and are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA §1692c(a)(1) and §1692d**

26. The FDCPA, pursuant to 15 U.S.C. § 1692c(a)(1), provides that "a debt collector may not communicate with a consumer in connection with the collection of any debt - - (1) at any unusual time . . . or a time . . . which should be known to be inconvenient to the consumer . . . ."

27. Defendants violated 15 U.S.C. § 1692c(a)(1) when Phoenix mailed collection letters to Plaintiff's place of employment. Defendants knew or should have known that it was inconvenient for Plaintiff to receive debt collection correspondence at her place of employment. Consequently, Defendants knowingly communicated with Plaintiff at an inconvenient time when they mailed debt collection letters to Plaintiff's place of employment.

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

29. Defendants violated 15 U.S.C. §1692d when they employed harassing collection tactics. Specifically, it was harassing for Phoenix to purposefully target Plaintiff at her place of employment when Defendants were aware of correct address of Plaintiff's residence.

### b. Violations of FDCPA § 1692e

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendants violated 15 U.S.C. §§ 1692e and e(10) by employing deceptive means to attempt to collect upon the subject debt. Defendants acted deceptively when they represented that they could communicate with Plaintiff at a place and time that they knew was inconvenient to Plaintiff when the FDCPA prohibits this type of behavior. Defendants' actions only served to worry and confuse Plaintiff.

### c. Violations of FDCPA § 1692f

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendants violated §1692f when they unfairly attempted to collect upon the subject debt. Any reasonable fact finder will conclude that Defendants acted unfairly when they placed undue pressure on Plaintiff by mailing collection letters to her place of employment.

5

35. As pled in paragraphs 17 through 20, Plaintiff has been harmed and suffered damages as a result of Defendants' illegal actions.

WHEREFORE, Plaintiff, BRITTANY AVANZINI, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendants from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 24, 2020                                  Respectfully Submitted,

/s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
*Counsel for Plaintiff*
Florida Bar No. 1021163
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com